UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANNE FUENTES,                                  Case No. 1:07-CV-1159

       Plaintiff,                                      Hon. Richard Alan Enslen

  v.

MARIE TUBERGEN, *et al.*,
                                   **JUDGMENT**

       Defendants.
_____/

       This matter is before the Court on Defendants Marie Tubergen, Ingrid Scott-Weekley, Glen Beekman, George Childers, and City of Grand Rapids' Motion to Dismiss. Plaintiff Mary Anne Fuentes, acting *pro se*, has responded in opposition and also filed a Sur-Reply, although she failed to request leave of the Court. Upon review of the briefing, including the Sur-Reply, the Court discerns no reason for oral argument. *See* W.D. Mich. LCivR. 7.2(d).

       Whether dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) is a question of law. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle her to relief. *Smith v. City of Salem*, 378 F.3d 566, 568 (6th Cir. 2004); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" because "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, No. 05-1126, 127 S. Ct. 1955, 1964–65 (U.S. May 21, 2007) (citations omitted).

Plaintiff has thrice filed discrimination charges with the Equal Employment Opportunity Commission ("EEOC") against Defendants: March 3, 2003; April 18, 2007; and October 24, 2007. 29 U.S.C. § 626(d) provides that "[n]o civil action may be commenced . . . until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary." Such a charge must be filed either "within 180 days after the alleged unlawful practice occurred" or "in a case to which section 14(b) applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." § 626(d). "In other words, a plaintiff must file a charge with the EEOC within 300 days of a discriminatory act, or any claims arising from that act will be dismissed as untimely." *Bay v. Fairfield Resorts, Inc.*, No. 3:06-CV-306, 2007 WL 4373022, at *5 (E.D. Tenn. Dec. 10, 2007) (citing *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 375–76 (6th Cir. 2002)).

Plaintiff has failed to comply with the statute in numerous respects. With her Complaint, Plaintiff submitted the April 2007 and October 2007 EEOC filings. The 2003 charge—which was not submitted—was dismissed by the EEOC on July 10, 2003. Since this charge was not submitted to the Court, dismissal is appropriate as a matter of law. Alternatively, even giving Plaintiff the benefit of the doubt (i.e. 300 days), this action was commenced long after the mandatory 300-day period.

The only real charge at issue is the April 2007 charge, which was dismissed by the Michigan Department of Civil Rights ("MDCR") on September 14, 2007, and dismissed by the EEOC on an earlier date. Plaintiff has failed to indicate that it was filed within the appropriate time period. Moreover, this is well beyond 300 days from the incident date. The Complaint also fails to indicate that this action was filed within 30 days after receipt of the notice of termination of state

proceedings. Plaintiff argues she never received MDCR's notice dated September 14, 2007, due to an alleged mailing error. Even though Plaintiff blames this mistake on anybody but herself, there is no basis for placing the blame on Defendants. The alleged mailing error can only be the fault of MDCR or Plaintiff. Accordingly, the Court finds dismissal appropriate because Plaintiff has failed to state a claim upon which relief can be granted.

Regarding the October 2007 charge, since the charge remains pending, Plaintiff has not yet received a notice of termination of proceedings under state law and thus cannot yet comply with § 626(d)(2).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Marie Tubergen, Ingrid Scott-Weekley, Glen Beekman, George Childers, and City of Grand Rapids' Motion to Dismiss (Dkt. No. 9) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

DATED in Kalamazoo, MI:  
    April 18, 2008

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE